UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-cv-60066-CIV-RUIZ

PAUL J. SPINNER,

    Plaintiff,

v.

JOHN ACUNTO, individually, and
ADSOUTH, INC., a Florida corporation,

    Defendants.
_____/

### DEFENDANT, JOHN ACUNTO'S VERIFIED MOTION TO SET ASIDE AND/OR VACATE ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL JUDGMENT UPON DEFAULT OF SETTLEMENT AGREEMENT; ENTRY OF FINAL JUDGMENT; CLOSING CASE AND INCORPORATED MEMORANDUM OF LAW

Defendant, John Acunto ("**Acunto**"), by and through his undersigned counsel, and pursuant to Rule 60(b)(4), Fed.R.Civ.P., moves this Court for the entry of an Order setting aside and/or vacating the Order Granting Plaintiff's Motion for Final Judgment Upon Default of Settlement Agreement; Entry of Final Judgment; Closing Case (the **"Final Judgment"**) [DE 71], and incorporated Memorandum of Law, and as grounds therefor states:

    1.    Acunto seeks to set aside and/or vacate the Final Judgment entered against him in this matter as it is void due to a lack of due process.

    2.    Specifically, as will be more fully explained below, Acunto never received notice or an opportunity to be heard on Plaintiff, Paul J. Spinner's (**"Spinner"**) Motion for Judgment Upon Default of Settlement Agreement [DE 70].

    3.    Accordingly, the Final Judgment must be set aside and/or vacated as it was entered without due process of law.

## **MEMORANDUM OF LAW**

I. **Introduction and Facts**.

The underlying litigation (the **"Litigation"**) arose out of alleged breaches of written and oral agreements entered between Spinner and Co-Defendant, Adsouth, Inc. (**"Adsouth"**). At the time the alleged agreements were entered into, Acunto was an officer and director of Adsouth. As of June 17, 2005, however, Acunto had resigned as an officer and director, and was serving only as a consultant for Adsouth, pursuant to a written Consulting Agreement (the **"Consulting Agreement"**). Thus, when Spinner filed the Complaint in this matter against Acunto and Adsouth on January 18, 2006, [DE 1], Adsouth retained counsel to represent both its interests and those of Acunto.[1]

Adsouth retained Wayne Schwartz, Esq. (**"Schwartz"**) of Lee & Amtzis, P.L. (**"Lee & Amtzis"**) to represent both Adsouth and Acunto in the Litigation [DE's 5 and 8]. Acunto was not consulted regarding the retention of Schwartz and Lee & Amtzis, he did not pay any retainer or legal fees to Schwartz or Lee & Amtzis, nor did he ever meet Schwartz or any other attorney from Lee & Amtzis in person. This was because Adsouth was directing and controlling the defense of the Litigation because if Acunto was to be found liable for any amounts due in the Litigation, Adsouth was required to indemnify him as set forth in the Consulting Agreement.

The only time Acunto communicated with Schwartz or Lee & Amtzis was during settlement discussions which took place in early 2006. Those discussions also included the then current representatives of Adsouth. Although Acunto cannot recall who in particular was present from Adsouth during those settlement discussions, it was most likely the then Chief Financial

---

[1] Pursuant to the Consulting Agreement between Acunto and Adsouth, Adsouth was to indemnify and hold Acunto harmless from all claims raised against Acunto and Adsouth.

Officer of Adsouth, Anton Lee Wingeier. All settlement discussions were conducted by phone or email.

Importantly, from the date the Litigation was instituted through the entry of the Final Judgment, Acunto was never copied by email,[2] U.S. Mail, or in any other manner, with any pleadings, motions, or other items filed in the Litigation. He never received any updates or status reports from Adsouth or from Schwartz or Lee & Amtzis. The last time he recalls having any communication with Schwartz regarding the Litigation was with respect to the potential settlement.

Thus, when Spinner filed a Motion to Enforce Settlement Agreement and for Sanctions & Incorporated Memorandum of Law (the **"Motion to Enforce"**) [DE 44], Acunto did not know that settlement discussions had entirely broken down. He never received a copy of the Motion to Enforce or any notice whatsoever that Spinner was trying to enforce an agreement that as far as Acunto knew, had never been agreed to by Adsouth or Acunto. In response, Schwartz filed a Response in Opposition to Plaintiff's Motion to Enforce Settlement Agreement and for Sanctions & Incorporated Memorandum of Law (**"Response to the Motion to Enforce"**) [DE 48], denying the existence of any agreement. Again, Acunto was not copied or notified in any manner of the Response to the Motion to Enforce and had no knowledge of same. Similarly, when the Motion to Enforce was set for hearing on August 8, 2007, by Order from the Honorable Magistrate Judge William C. Turnoff dated July 23, 2007 [DE 49], Acunto did not get a copy of said Order, he was not notified in any manner that there was a hearing scheduled on the Motion to Enforce, and Acunto had no knowledge that a hearing was set.

---

[2] Acunto is certain he was never copied with anything sent to his personal email address at the time. If he was copied on his Adsouth email, he still did not receive notice because he had been locked out of access to that email account since at least the time of the Litigation, if not before.

On August 23, 2007, Judge Turnoff entered a Report and Recommendations and an Amended Report and Recommendations (the **"Report"**) [DE's 58 and 60]. The Report found that the parties had reached an agreement that "Defendant [singular, even though there were two named Defendants] would pay Plaintiff the settlement amount of $375,000, in three installments, and that Plaintiff would be entitled to the entry of a final judgment upon default by Defendant." *See* Report at p. 3. It does not state which Defendant was to pay this settlement amount, the date on which the three installments were required to be paid, or the amount of the installments.

The Report further stated that there was no meeting of the minds as to the amount of the final judgment payable on default, but that this was "not material with respect to the entire agreement," but was only material with respect to the default clause itself. *Id.* Accordingly, the Magistrate recommended that the Motion to Enforce be granted in part and denied in part, as follows:

> "**Granted** insofar as there was an enforceable agreement between the parties that Defendant would pay Plaintiff the settlement amount of $375,000, in three installments, and should be **Denied** with respect to the enforcement of the penalty clause. Moreover, upon a default by Defendant, the whole settlement amount should become payable, with interest."

*Id.* (emphasis in original). Again, Acunto had no notice of the hearing on the Motion to Enforce, and he was not copied on the Motion, the Response to the Motion, or on the Report. In sum, Acunto was given no opportunity to appear at the hearing with counsel of **his** choosing, which he most certainly would have done had he been made aware that he was potentially exposed to liability in excess of $375,000.00. In fact, his personal counsel, Jonathan Bloom, Esq. of Bloom & Freeling **"Bloom"**), was representing Acunto on numerous matters both before, during, and after the instant Litigation.

On September 13, 2007, the Honorable Judge Alan S. Gold entered an Order Adopting Amended Report and Recommendations of Magistrate Judge Turnoff (the **"Order Adopting Report"**) [DE 61]. The Order Adopting Report noted that no objections had been filed and affirmed and adopted the Report in its entirety. The Order Adopting Report stated that "Defendants" (which is different language from what was recommended in the Report) were "directed to pay Plaintiff the settlement amount of $375,000, in three installments" and the enforcement penalty clause was denied. *Id.* It further stated that upon a default by Defendants (again, plural which was different from what was stated in the Report) "the whole settlement amount will become payable, with interest" to be calculated as of the date the Order was docketed. *Id.* Again, the Order does not state the date on which the installments were required to be paid, the amount of the installments, or what portion of each installment each Defendant was required to pay. Furthermore, Acunto never received a copy of the Order by U.S. Mail, email, or in any other manner. Neither Schwartz nor anyone else from Lee & Amtzis ever notified Acunto that the Order Adopting Report had been entered or that he was required to make any payments to Spinner. Again, had he been notified, he would have immediately retained Bloom to represent him individually in setting aside that Order or to otherwise negotiate a payment plan.

On November 13, 2007, Lee & Amtzis, Eric Lee, Esq., and Schwartz filed an Unopposed Motion to Withdraw as Counsel for Defendants (the **"Motion to Withdraw"**) [DE 63]. The Certificate of Service indicates that the Motion to Withdraw was supposedly served on "pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing." *See* Motion to Withdraw at p. 2. The Service List indicated Acunto and Adsouth with an address

of 18715 Ocean Mist Drive, Boca Raton, Florida 33498 (the **"Ocean Mist Address"**). Contrary to what was stated in the Certificate of Service, it does not indicate the manner in which the Motion to Withdraw was served at that address, whether by U.S. Mail, certified mail, federal express, or any other manner. In fact, Acunto never received a copy of the Motion to Withdraw, had no knowledge that Lee & Amtzis, Eric Lee, Esq., and Schwartz had filed a Motion to Withdraw, or that he was at risk of not being represented in the Litigation.

Even if the Motion to Withdraw had been sent to the Ocean Mist Address, which Acunto does not concede that it was sent to him at all, Acunto was no longer living at the Ocean Mist Address, and had not been living there since at least June or July of 2007.[3] Accordingly, he did not receive a copy of the Order Granting Defendants' Counsel's Motion to Withdraw [DE 64], which Order indicates that it was sent via U.S. Mail to Acunto and Adsouth at the Ocean Mist Address, and he had no idea that he was no longer represented by counsel in that matter.

Shortly thereafter, on March 6, 2008, Spinner filed the following Affidavits: Affidavits of Costs [DE's 65 and 66], an Affidavit of Prejudgment Interest [DE 67], and an Affidavit of Non-Payment [DE 68]. None of the Affidavits have any certificates of service indicating when or whether they were sent to Acunto and, if so, to what address. The Court entered an Order Requiring Submission [DE 69], which indicates it was copied to "Magistrate Judge McAliley [and] All Counsel of Record." *Id.* Acunto never received a copy of said Order.

Nor did Acunto receive a copy of Plaintiff's Motion for Judgment Upon Default of Settlement Agreement (the **"Motion for Final Judgment"**) [DE 70], even though it indicates that it was served by U.S. Mail on Acunto at the Ocean Mist Address on March 24, 2008. Acunto had not been living at the Ocean Mist address since June or July of 2007. Accordingly, to the extent

---

[3] Acunto had separated from his then wife in June or July of 2007 and had vacated the Ocean Mist Address at that time, where they had previously resided together.

Page 6 of 9

the Motion for Final Judgment was sent to that address, which Acunto does not concede that it was, he never received a copy of it nor did he receive copies of any of the Affidavits, and had no notice or opportunity to object or respond to the Motion for Final Judgment. Thereafter, the Court entered the Final Judgment [DE 71], which indicates that it was copied to "Magistrate Judge McAliley [and] All Counsel of Record." *Id.* at p. 2. Again, Acunto never received a copy of the Final Judgment, was never notified that a Final Judgment was entered against him, and he had no opportunity to defend against it.

The first time Acunto learned of the entry of the Final Judgment was on December 26, 2023, when he received in the mail an Application for and Writ of Execution Financial Institution along with the Financial Institution Execution, filed in the United States District Court, District of Connecticut. A copy of said Application and Execution [DE's 4 and 7 in D.Conn.] is attached hereto as **Composite Exhibit "A."** At no time between the date the Judgment was entered in 2008 and the date Acunto received the attached Application and Execution, did Spinner ever reach out to Acunto to attempt any resolution or even execution on the Judgment. Thus, before Acunto received these documents in the mail, he had no idea of any judgment entered against him and certainly had no idea of Spinner's Final Judgment. In fact, Acunto had diligently worked over the last several years to resolve all litigation matters against him, with Jonathan Bloom as his lead counsel on all matters.

Based on all of the foregoing, it is clear that Acunto's rights to due process, including notice and an opportunity to be heard, were violated when the Court entered the Final Judgment. Accordingly, this Court should set it aside.

## II. Argument.

### A. This Court should set aside the Final Judgment due to a lack of due process.

The Final Judgment is void due to a lack of due process. Pursuant to Rule 60(b)(4), Fed.R.Civ.P., "[o]n motion and just terms, the court may relieve a party ... from a final judgment" when "the judgment is void." Fed.R.Civ.P. 60(b)(4). A judgment may be set aside as void due to "defects in due process that deprive a party of notice or an opportunity to be heard." *Shelbyville Clinic Corp. v. Mosley*, 2021 Bankr. Lexis 2283 *5 (M.D.Fla. June 2, 2021)(citations omitted); *see also, Aguilera v. JM Cell LLC*, 2023 U.S. Dist. Lexis 154322 (S.D.Fla. Aug. 31, 2023)(a violation of due process deprives a party of notice or the opportunity to be heard).

A motion filed pursuant to Rule 60(b)(4) is not addressed to the discretion of the Court. *AF Bahamas LLC v. World Venture Grp., Inc.*, 796 Fed.Appx. 657, 661 (11th Cir. 2020)(citation omitted). Rather, a district court's failure to vacate a void judgment is "*per se* abuse of discretion." *Id.* (quoting, *De Gazelle Grp., Inc. v. Tamaz Trading Estab.*, 817 F.3d 747, 748 (11th Cir. 2016)).

While it may be true that a litigant is required to diligently pursue his rights even under the generous timing considerations of Rule 60(b)(4), it is also true that a litigant cannot diligently pursue rights of which he is unaware. In the instant case, Acunto only became aware of the Final Judgment in December 2023. Upon learning of the Final Judgment, he immediately filed the instant Motion to set it aside. It cannot be denied that Acunto was denied due process in that he never received copies of the Motion for Final Judgment, the Affidavits filed in support, or the Final Judgment itself. Acunto cannot be accused of sleeping on his rights when he did not know the Judgment had been entered. Because Rule 60(b)(4) permits generous timing considerations in filing a Motion to Set Aside a void Judgment due to lack of due process, this Court should grant the instant Motion. Failing to do so is greatly prejudicial to Acunto's fundamental rights to due process and would be a miscarriage of justice.

### III. Conclusion.

This Court should enter an Order setting aside the Final Judgment and grant such other and further relief as this Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 4, 2024.

John Acunto

## CERTIFICATE OF GOOD FAITH CONFERENCE

In accordance with Rule 7.1(a)(3), S.D.Fla.L.R., I hereby certify that undersigned counsel for John Acunto and intended counsel for Paul J. Spinner (Michael C. Caborn, Esq., of Winderweedle, Haines, Ward & Woodman, P.A.) conferred in a good faith effort to resolve this Motion and has been unable to do so.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 4, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF, and by agreement with counsel shall be served via email on Michael C. Caborn, Esq., Winderweedle, Haines, Ward & Woodman, P.A., 329 N. Pak Ave., #2, Winter Park, Florida 32789, mcaborn@whww.com, pending his formal notice of appearance for Plaintiff, Paul Spinner.

/s/ *Jonathan Bloom*
JONATHAN BLOOM, ESQ.
Fla. Bar No. 75231
BLOOM & FREELING
2295 N.W. Corporate Boulevard, Suite 117
Boca Raton, Florida  33431
Tel.: (561) 864-0000
Fax: (561) 864-0001
Primary Email: jbloom@bloom-freeling.com
Secondary Email: service@bloom-freeling.com

**COMPOSITE EXHIBIT "A"**

## FINANCIAL INSTITUTION EXECUTION

TO ANY PROPER OFFICER:

Whereas on said Date of Judgment the above-named Judgment Creditor(s) recovered judgment against the above-named Judgment Debtor(s) before the above-named court for the amount of damages, costs and fees stated above, as appears on record, whereof execution remains to be done. These are, therefore, by AUTHORITY OF THE UNITED STATES TO COMMAND YOU:

◯ IF JUDGMENT DEBTOR IS A NATURAL PERSON

Within seven days from your receipt of this execution, make demand upon the main office of any financial institution having its main office within your county, or if such main office is not within your county and such financial institution has one or more branch offices within your county, upon an employee of such a branch office, such employee and such branch office having been designated by the financial institution in accordance with regulations adopted by the commissioner of banking, for payment to you pursuant to section 52-367(b) of the general statutes of any nonexempt debt due said Judgment Debtor(s), which sum shall not exceed the total unpaid judgment, costs and fees as stated above, plus post judgment interest on the unpaid amount of said judgment from its date until the time when this execution shall be satisfied, plus your own fee. After having made such demand you are directed to serve a true and attested copy of this execution, together with the attached affidavit and exemption claim form, with your doings endorsed thereon, with the financial institution officer upon whom such demand was made. Said sum shall be received by you and applied on this execution in accordance with the provisions of section 52-367(b) of the general statutes. You may not serve more than one financial institution execution per judgment debtor at a time. If you have made an initial demand within the seven-day period, and have been informed by the financial institution that the Judgment Debtor had insufficient funds at that financial institution available for collection to satisfy the judgment, you may make additional demands on the main office of other financial institutions or employees of other branch offices as directed herein, provided any such additional demand is made not later than forty-five days from your receipt of this execution.

◯ IF JUDGMENT DEBTOR IS NOT A NATURAL PERSON

Make demand upon the main office of any financial institution having its main office within your county, or if such main office is not within your county and such financial institution has one or more branch offices within your county, upon an employee of such branch office, such employee and such branch office having been designated by the financial institution in accordance with regulations adopted by the commissioner of banking, for payment to you of any debt due said Judgment Debtor(s), which sum shall not exceed the total unpaid judgment, costs and fees as stated above, plus post judgment interest on the unpaid amount of said judgment, from its date until the time when this execution is satisfied, plus your own fees. Said sum shall be received by you and applied on this execution. After having made such demand you are directed to serve a true and attested copy hereof, with your doings thereon endorsed, with the banking institution officer upon whom such demand was made.

HEREOF FAIL NOT, AND MAKE DUE RETURN OF THIS WRIT WITH YOUR DOINGS THEREON, ACCORDING TO LAW.

DATED AT | Hartford | CONNECTICUT THIS | 11th DAY OF | December , 20 23 .

DINAH MILTON KINNEY, CLERK BY:

_____ DEPUTY CLERK

Print Form

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

## APPLICATION FOR AND WRIT OF EXECUTION
## FINANCIAL INSTITUTION

**APPLICATION**

To the United States District Court for the District of Connecticut at | Hartford |, Connecticut, in connection with a judgment entered on | 12/06/2023 |. Docket No. | 3:23-MC-00113 | ), Case name: | Paul J. Spinner v. John Acunto, et al |

NAME AND ADDRESS OF JUDGMENT CREDITOR MAKING APPLICATION:

| Paul Spinner c/o Alan Woodard, Asset Management Services, LLC, 755 Grand Boulevard, Suite B 105-300, Miramar Beach, FL 32550 |

NAME(S) AND ADDRESS(ES) OF JUDGMENT CREDITOR(S):

| Paul Spinner c/o Alan Woodard, Asset Management Services, LLC, 755 Grand Boulevard, Suite B 105-300, Miramar Beach, FL 32550 |

NAME(S) AND ADDRESS(ES) OF JUDGMENT DEBTOR(S):

| John Acunto  635 Springer Road, Fairfield, CT 06824-7244 |

| | |
|---|---|
| AMOUNT OF JUDGMENT: | $ 375,000.00 |
| AMOUNT OF COSTS: | $ 290.00 |
| AMOUNT OF INTEREST   (if applicable): | $ 21,112.50 |
| TOTAL JUDGMENT AND COSTS: | $ 396,402.50 |
| TOTAL PAID ON ACCOUNT: | $ 0.00 |
| TOTAL UNPAID JUDGMENT: | $ 396,402.50 |

IF JUDGMENT DEBTOR IS A NATURAL PERSON:
IS THIS A JUDGMENT ARISING OUT OF SERVICES RENDERED AT A HOSPITAL?
(●) No   ( ) Yes

IF THIS IS A JUDGMENT ARISING OUT OF SERVICES RENDERED AT A HOSPITAL, HAS A STAY OF A FINANCIAL INSTITUTION EXECUTION BEEN ENTERED PURSUANT TO AN INSTALLMENT PAYMENT ORDER?
( ) No   ( ) Yes

IF A STAY OF A FINANCIAL INSTITUTION EXECUTION HAS BEEN ENTERED, HAS THE JUDGMENT DEBTOR DEFAULTED ON AN INSTALLMENT PAYMENT ORDER?
( ) No   ( ) Yes   (Specify) |  |

| /s/ [signature] | 12/7/2023 |
|---|---|
| Signature of Attorney or Party Making Application | Date |
| Houston Putnam Lowry | ct05955 |
| Printed Name | Bar Number |
| 280 Trumbull Street, Floor 22 | 860-808-4213 |
| Street Address | Phone Number |
| Hartford, CT 06103 | ptl@hplowry.com |
| City/State/Zip | Email Address |

(Rev. 5/6/08)

*NOTE: The provisions of section 52-367b, as amended from time to time, take precedence over these instructions.*

## INSTRUCTIONS TO FINANCIAL INSTITUTION UPON RECEIPT OF A FINANCIAL INSTITUTION EXECUTION WHEN JUDGMENT DEBTOR IS A NATURAL PERSON

1. If any funds are removed from the judgment debtor's account pursuant to subsection (c) of section 52-367b of the general statutes, complete section II of the Exemption Claim Form and send, forthwith, 2 copies of both this form and the Exemption Claim Form to the judgment debtor and to any secured party that is a party to a control agreement between you and such secured party under article 9 of title 42a of the general statutes, postage pre-paid, at the last known address of the judgment debtor and of any such secured party with respect to the affected accounts on the records of your institution.

2. Remove from the judgment debtor's account the amount of any debts due from you to the judgment debtor not exceeding the Total Amount Unpaid as appears on page 1 of this form plus interest and other court ordered postjudgment costs or fees and the serving officer's fee, before your midnight deadline, as defined in section 42a-4-104 of the general statutes. If electronic direct deposits that are readily identifiable as exempt federal veterans' benefits, social security benefits, including, but not limited to, retirement, survivors' and disability benefits, supplemental security income benefits or child support payments processed and received pursuant to Title IV-D of the Social Security Act were made to the judgment debtor's account during the thirty-day period preceding the date that the execution was served on you, you shall leave the lesser of the account balance or one thousand dollars in the judgment debtors' account; provided nothing in this subsection shall be construed to limit your right or obligation to remove such funds from the debtor's account if required by any other provision of law or by a court order. The judgment debtor shall have access to such funds left in the judgment debtor's account. You may notify the judgment creditor that funds have been left in the judgment debtor's account pursuant to this provision. Nothing herein shall alter the exempt status of funds which are exempt from execution under subsection (a) of section 52-367b of the general statutes or under any other provision of state or federal law, or the right of a judgment debtor to claim such exemption. Nothing herein shall be construed to affect any other rights or obligations of the financial institution with regard to the funds in the judgment debtor's account.

3. You must hold the amount removed from the judgment debtor's account pursuant to this execution for fifteen days from the date you mail the copies of this form and the Exemption Claim Form to the judgment debtor and any secured party. During such fifteen day period you must not pay the officer serving this execution.

4. If the judgment debtor returns the Exemption Claim Form or other written notice that an exemption is being claimed, and if any secured party delivers to you written notice of such secured party's claim of a prior perfected security interest in such deposit account, you must, within two business days of receipt of such notice, send a copy of such notice to the clerk of the court which issued the execution. You must continue to hold the amount removed from the judgment debtor's account for forty-five days or until a court order is received regarding disposition of the funds, whichever occurs earlier. If no order is received within forty-five days of the date you send a copy of the Exemption Claim Form or notice of exemption or a secured party claim notice to the clerk of the court, you must return the funds to the judgment debtor's account.

5. If you do not receive a claim of exemption or secured party claim notice within fifteen days of the mailing to the judgment debtor and any secured party of the execution and Exemption Claim Form you must, upon demand, forthwith pay the serving officer the amount removed from the judgment debtor's account.

6. If no exemption claim or secured party claim notice is filed or if the court orders you to pay the serving officer an amount removed from the judgment debtor's account not exceeding the amount due on the execution and you fail or refuse to do so, you shall be liable in an action therefor to the judgement creditor(s) named in the execution for the amount of nonexempt monies which you fail or refuse to pay over. If no exemption claim is filed or if the court orders you to pay the serving officer an amount removed from the judgment debtor's account not exceeding the amount due on the execution and you fail or refuse to do so, you shall be liable in an action therefor to the judgment creditor(s) name in the execution for the amount of nonexempt monies which you fail or refuse to pay over, excluding funds of up to one thousand dollars which you in good faith allowed the judgment debtor to access pursuant to subsection (c) of section 52-367b of the general statutes.

7. If you pay exempt monies from the account of the judgment debtor contrary to these instructions, or the provisions of section 52-367b of the general statutes, you shall be liable in an action therefor to the judgment debtor for any exempt monies so paid. If you pay exempt monies from the account of the judgment debtor contrary to these instructions, or the provisions of section 52-367b of the general statutes, you shall be liable in an action therefor to the judgment debtor for any exempt monies so paid and you shall refund or waive any charges of fees by you, including, but not limited to, dishonored check fees, overdraft fees or minimum balance service charges and legal process fees, which were assessed as a result of such payment of exempt monies.

# INSTRUCTIONS TO FINANCIAL INSTITUTION UPON RECEIPT OF A FINANCIAL INSTITUTION EXECUTION WHEN JUDGMENT DEBTOR IS NOT A NATURAL PERSON

1. You must remove from the judgment debtor's account the amount of any debts due from you to the judgment debtor not exceeding the Total Amount Unpaid as appears on page 1 of this form, plus interest and court ordered postjudgment costs or fees and the serving officer's fee.

2. Except as provided in #4 below, you must immediately pay to the serving officer the amount removed from the judgment debtor's account. Nothing herein shall be construed to affect any other rights or obligations of the financial institution with regard to the funds in the judgment debtor's account.

3. You must act on this execution according to section 42a-4-303 of the general statutes, before your midnight deadline.

4. If the deposit account is subject to a security interest of a secured party, other than you, pursuant to a control agreement between you and such secured party under article 9 of title 42a, and if any funds removed from the judgment debtor's account pursuant to subsection (c) of section 52-367a of the general statutes you shall forthwith mail a copy of the execution when received from the serving officer, postage prepaid, to the judgment debtor and to such other secured party at the last known address of such parties with respect to the affected accounts on your records. You shall hold the amount removed from the judgment debtor's account for twenty days from the date of the mailing to the judgment debtor and such other secured party, and during such period you shall not pay the serving officer. Such other secured party shall give notice of its prior perfected security interest in such deposit account, by delivering to the clerk of the court that issued the execution a written claim for determination of interests in property pursuant to section 52-365c and by delivering a copy of such claim to the financial institution upon which such execution is served.

5. If a written claim for determination of interests in property is made pursuant to subsection (e) of section 52-367a of the general statutes, you shall continue to hold the amount removed from the judgment debtor's account until a court order is received regarding disposition of the funds. If no written claim for determination of interests in property is made you shall, upon demand, forthwith pay the serving officer the amount removed from the judgment debtor's account, and the serving officer shall thereupon pay such sum, less such serving officer's fees, to the judgment creditor, except to the extent otherwise ordered by a court.

**FINANCIAL INSTITUTION EXECUTION**

TO ANY PROPER OFFICER:

Whereas on said Date of Judgment the above-named Judgment Creditor(s) recovered judgment against the above-named Judgment Debtor(s) before the above-named court for the amount of damages, costs and fees stated above, as appears on record, whereof execution remains to be done. These are, therefore, by AUTHORITY OF THE UNITED STATES TO COMMAND YOU:

◯ IF JUDGMENT DEBTOR IS A NATURAL PERSON

Within seven days from your receipt of this execution, make demand upon the main office of any financial institution having its main office within your county, or if such main office is not within your county and such financial institution has one or more branch offices within your county, upon an employee of such a branch office, such employee and such branch office having been designated by the financial institution in accordance with regulations adopted by the commissioner of banking, for payment to you pursuant to section 52-367(b) of the general statutes of any nonexempt debt due said Judgment Debtor(s), which sum shall not exceed the total unpaid judgment, costs and fees as stated above, plus post judgment interest on the unpaid amount of said judgment from its date until the time when this execution shall be satisfied, plus your own fee. After having made such demand you are directed to serve a true and attested copy of this execution, together with the attached affidavit and exemption claim form, with your doings endorsed thereon, with the financial institution officer upon whom such demand was made. Said sum shall be received by you and applied on this execution in accordance with the provisions of section 52-367(b) of the general statutes. You may not serve more than one financial institution execution per judgment debtor at a time. If you have made an initial demand within the seven-day period, and have been informed by the financial institution that the Judgment Debtor had insufficient funds at that financial institution available for collection to satisfy the judgment, you may make additional demands on the main office of other financial institutions or employees of other branch offices as directed herein, provided any such additional demand is made not later than forty-five days from your receipt of this execution.

◯ IF JUDGMENT DEBTOR IS NOT A NATURAL PERSON

Make demand upon the main office of any financial institution having its main office within your county, or if such main office is not within your county and such financial institution has one or more branch offices within your county, upon an employee of such branch office, such employee and such branch office having been designated by the financial institution in accordance with regulations adopted by the commissioner of banking, for payment to you of any debt due said Judgment Debtor(s), which sum shall not exceed the total unpaid judgment, costs and fees as stated above, plus post judgment interest on the unpaid amount of said judgment, from its date until the time when this execution is satisfied, plus your own fees. Said sum shall be received by you and applied on this execution. After having made such demand you are directed to serve a true and attested copy hereof, with your doings thereon endorsed, with the banking institution officer upon whom such demand was made.

HEREOF FAIL NOT, AND MAKE DUE RETURN OF THIS WRIT WITH YOUR DOINGS THEREON, ACCORDING TO LAW.

DATED AT [ ] CONNECTICUT THIS [ ] DAY OF [ ], 20[ ] .

DINAH MILTON KINNEY, CLERK BY:

_____
DEPUTY CLERK