UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-CV-60066-RAR

**PAUL J. SPINNER**,

    Plaintiff,

v.

**JOHN ACUNTO and ADSOUTH, INC.**,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE AND/OR VACATE FINAL JUDGMENT UPON DEFAULT

**THIS CAUSE** is before the Court on Defendants' Motion to Set Aside and/or Vacate Order Granting Plaintiff's Motion for Final Judgment upon Default of Settlement Agreement, [ECF No. 76] ("Motion"). After reviewing the Motion, Plaintiffs' Response [ECF No. 78] ("Response"), and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion, [ECF No. 76], is **DENIED** for the reasons set forth below.

### BACKGROUND

Defendant John Acunto, proceeding *pro se*, seeks to set aside the Court's April 14, 2008 Final Judgment Order, arguing—nearly 16 years later—that the Order is void for lack of due process, pursuant to Federal Rule of Civil Procedure 60(b)(4). Mot. at 8. In 2007, the parties to the instant action reached a settlement and notified the Court, [ECF No. 42]. Later that same year, Plaintiff filed a motion to enforce the settlement, and following motion practice and a hearing, the Court found the parties reached an agreement and directed settlement payment. *See* [ECF Nos. 44, 48, 52, 54, 57, 60, 61].

On November 13, 2007, the Court entered an Order Granting Defendants' Counsel's Motion to Withdraw ("Order Withdrawing Counsel"), [ECF No. 64], and on March 24, 2008, the Court entered an Order Granting Plaintiff's Motion for Final Judgment upon Default of Settlement Agreement; Entry of Final Judgment; Closing Case ("Final Judgment Order"), [ECF No. 71]. The Court entered the Final Judgment Order noting that Plaintiff informed the Court that Defendants failed to make settlement payments and failed to respond to the Motion for Final Judgment. Final Judgment Order at 1. However, Acunto states that his former counsel failed to inform him of the proceedings and that he no longer resided at the address where the Order Withdrawing Counsel and Final Judgment Order were provided. Mot. at 5–7. The first time he learned of the Final Judgment Order, he claims, was December 26, 2023. *Id.* at 7.

## **LEGAL STANDARD**

The Supreme Court has held that Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of *exceptional* circumstances." *United States v. Young*, 806 F.2d 805, 806 (1987) (emphasis added). A court may relieve a party from a final judgment or order if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270–71 (2010) (citations omitted).[1] Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

---

[1] Although a motion under Rule 60(b) must generally be made "within a reasonable time," the Eleventh Circuit has held motions seeking relief under Rule 60(b)(4) are not bound by this time constraint. *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994); *see also Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 738 (11th Cir. 2014); *A & F Bahamas LLC v. World Venture Grp., Inc.*, 796 F. App'x 657, 661 (11th Cir. 2020).

*Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).  "The defendant has the burden of proof when seeking relief from a judgment under Rule 60(b)(4)." *In re Worldwide Web Systems,* Inc., 328 F.3d 1291, 1298-99 (11th Cir. 2003).

Acunto argues that Rule 60(b)(4) applies because he was not afforded the opportunity to litigate the Motion for Final Judgment, and he "was denied due process in that he never received copies of the Motion for Final Judgment, the Affidavits filed in support, or the Final Judgment itself."  Mot. at 8.  However, Acunto was fully aware of the pendency of the litigation—served with the summons and Complaint, [ECF No. 12]—and afforded a "full and fair" opportunity to litigate his claims.  *Espinosa*, 559 U.S. at 276.  Acunto even indicated his understanding that the co-defendant, Adsouth Inc., was required to indemnify him.  Mot. at 2.  Cases determining the applicability of Rule 60(b)(4) discuss whether a defendant was served in the case *at all*, not whether they were kept apprised of the litigation or served with a final default judgment order. *See, e.g.*, *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1368 (11th Cir. 1982) (finding a judgment void under Rule 60(b)(4) where the defendant was not properly served); *In re Worldwide Web*, 328 F.3d at 1299 (explaining "insufficient service of process under Rule 60(b)(4) implicates personal jurisdiction and due process concerns").  Here, Acunto cites no authority in support of the application of Rule 60(b)(4) to the present circumstances.

Indeed, Acunto was represented by counsel throughout the pendency of the instant litigation.  Acunto, through his counsel Lee & Amtzis, participated in the litigation to brief the Motion to Enforce Settlement, [ECF No. 44], and was still represented when the Court fully adjudicated the case—issuing an order that granted the Motion to Enforce Settlement and keeping the case closed.  *See* Order Adopting Amended Report and Recommendations of Magistrate Judge Turnoff ("Order Adopting Amended Report"), [ECF No. 61].  The Order Adopting Amended

Report directed Defendants to pay Plaintiff the settlement amount in installments and stated that, upon default, the whole settlement amount would become payable, with interest. *Id.* at 1–2. And the Final Judgment Order did not grant additional relief; it simply ordered that Plaintiff shall recover from Defendants the sum of the settlement agreement, plus pre-judgment interest.

Further, Acunto has not met his burden of proof to warrant voiding the Final Judgment Order. While he claims he was not given notice that settlement discussions had apparently broken down, Mot. at 3, he does not argue that his attorneys were withholding information or acting outside the scope of his discretion. While Acunto claims the Order Withdrawing Counsel and the Final Judgment Order were mailed to an address where he no longer resided, he does not explain that he updated his attorneys or the Court with a new address. Nevertheless, this alleged deprivation did not amount to a violation of due process, which requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Espinosa*, 559 U.S. at 261 (quoting *Mullane*, 339 U.S. at 314.

## CONCLUSION

For the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion, [ECF No. 76], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 6th day of May, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**